No. 3922

**Second Circuit**

MATHIS v. STANDARD OIL CO. OF LA.

(February 26, 1931. Opinion and Decree.)
(April 9, 1931. Rehearing Refused.)

William C. Boone, of Homer, attorney for plaintiff, appellee.

T. M. Milling, F. L. Hargrove and John

T. Guyton, of Shreveport, attorneys for defendant, appellant.

DREW, J. This suit was filed under the Workmen's Compensation Law of Louisiana (Act No. 20 of 1914, as amended).

Plaintiff asks for judgment for compensation at the rate of $20 per week for a period of four hundred weeks, and $250 for medical attention.

He alleges that he was in the employ of defendant as a roustabout, and while working on an oil well at Haynesville, Claiborne parish, La., on the 25th day of October, 1929, and while working and attending to his regular duties, at his regular place of employment for the defendant company, as "floor" man, and while fishing for rods, he was holding the bull wheel, laying back upon the rope and kicking a block between the wheel and rope, when the gang pusher pulled the clutch in, catching and jerking petitioner in under the bull wheel, and mashing him to the floor. That he was struck across the hip, pelvis, lower backbone, and spine, also crushing and bruising his lower bowels and intestines, spine, pelvis, backbone, twisting his back, hip, muscles, ligaments, nerves, legs, joints, and side, injuring his right leg, paralyzing his right side and his leg somewhat, including his hip, back, muscles, nerves, ligaments, and joints; injuring his head and other parts of his body on his right side, causing considerable pain and anguish; injuring his reproductive organs, causing them to swell, and possibly has brought about a condition whereby he has become impotent; thereby leaving petitioner permanently injured and impaired to a total extent, and disabling him to do work of a reasonable character. Plaintiff alleges that he was receiving as wages at the time of his injury $4.50 per day, for seven days per week.

Defendant answered, admitting that plaintiff was in its employ, as alleged. That he was injured on October 25, 1929, by an accident arising out of and in the course of his employment. It admits the wages to have been $4.50 per day, for a seven-day week, and that plaintiff suffered certain injuries by said accident, but alleges they were only minor injuries and that it paid plaintiff compensation at the rate of $20 per week, beginning October 25, 1929, and ending December 23, 1929, the total amount being $168.57.

Defendant denies that it owes any more compensation, and alleges that plaintiff was fully recovered on December 23, 1929. It further alleges that it paid doctors' bills, medical and sanitarium bills, and board and lodging while plaintiff was under treatment in Shreveport, to the amount of $184; that plaintiff signed a final receipt for compensation on December 23, 1929, and acknowledged in writing that he had fully recovered. Defendant prays that the demands of plaintiff be rejected, and in the alternative, should there be judgment against defendant, that it be credited with $168.57, heretofore paid plaintiff as compensation; and with the further sum of $184, heretofore paid for medical attention and services given plaintiff.

There was judgment in the lower court for plaintiff for compensation at the rate of $20 per week, beginning October 25, 1929, and continuing as long as disability continues, not to exceed four hundred weeks, subject to a credit of $168.57 heretofore paid; also judgment for the further sum of $250, for medical attention, subject to a credit of $184, and fixing the fees of the experts who testified in the case. From this judgment, defendant has appealed.

Under the pleadings in this case, the only

question to be determined by this court is the extent of plaintiff's injuries. Had plaintiff fully recovered on December 23, 1929, and was he at that time physically capacitated to do manual labor? If not, had he fully recovered at the time of trial of this case in the lower court, and, if so, when did he recover? If not, was he totally or partially disabled at the time of trial?

Plaintiff was a young man twenty-three years of age on the date of the accident. He was in good health, and was very active and agile. He could run, jump, was a good wrestler, and could stand flat-footed and touch the ground with his hands, without bending his knees. Five months after the accident and at the time of the trial in the lower court, he had lost seventeen or eighteen pounds in weight, could not put his hands very much below his knees, could not step onto a chair and raise his body, one testicle was very much smaller than the other and appeared to be atrophied, following the injury; the scrotum was very black; he was suffering in several joints of the body; his bending was limited, especially in the right leg and lower part of the body, and he also limped, and Dr. Ragan testified that he was unable to make any full and free movement of the muscles on account of the pain.

The above description of plaintiff's condition at the time of trial is given by Dr. Ragan, who examined plaintiff one week before trial, and his finding is corroborated by the testimony of Drs. Edwards, Cassity and Boyce, all who made an examination of plaintiff a short time before trial. The above-described condition is in addition to or caused by the bone injury which is described as a fracture of the transverse process on the right side, about the first lumbar vertebra, which

seems to be broken off the attachment and not reunited; and also a fracture of the pubis in front. There is some dispute among the doctors as to the degree or kind of fracture, but it is certain that the fractures were there. The four doctors used by plaintiff testified that plaintiff was totally disabled to work at the time of the trial, and Dr. Ragan said he was too stiff and suffered too much pain to be able to work any time soon.

We especially quote Dr. Ragan's testimony for the reason that his character, veracity, and standing as a surgeon and physician are vouched for by attorneys for both plaintiff and defendant, and both quote from his testimony. However, after a careful reading of Dr. Ragan's testimony, we fail to see where defendant could get any consolation from it.

Defendant offered the testimony of Dr. Wolfe, who treated plaintiff immediately after the accident, and did not make any further examination after the first three or four weeks. He was not in a position to say in what condition plaintiff was at the time of trial. Dr. Wolfe evidently did not think plaintiff was seriously hurt, as is shown by his testimony. He did not find any injury to the bones at all, although all the other doctors admit there was bone injury of some kind, only differing as to the extent of the fracture and as to whether or not and to what extent the bone injury was repaired at the time of trial.

Dr. Walke made no examination of plaintiff after December 23, 1929, and therefore was not prepared to state his condition at the time of trial. He thought the plaintiff was well and able to work when he discharged him on that date. The preponderance of testimony, however, is that he was mistaken.

Dr. Quinn made only a cursory examination of plaintiff one time while Dr. Walke was treating him, and his testimony as to the true condition of plaintiff is of little value.

The other doctors offered by defendant testified solely from the X-ray pictures, which would only show injuries to the bones, and all of them admit there was some kind of injury to the pubic bone in front, and at least an abnormal condition of the transverse process on the right side about the first lumbar vertebra. There is no doubt that plaintiff received severe injuries at the time of the accident. His middle section was mashed almost flat. He was unconscious for some time and could not move himself in bed for several days, and we think the preponderance of the testimony shows that at the time of trial he was totally disabled from doing work, such as he was heretofore capable of doing. When, if ever, plaintiff will recover, is uncertain, and under the jurisprudence of this state **we can** under such circumstances only allow him compensation of $20 per week from the date of injury until and as long as his condition remains as it is now, not to exceed four hundred weeks (Act No. 20 of 1914, as amended by Act No. 85 of 1926, sec. 8 subd. 1(b)), subject to such credits as defendant is entitled to under the evidence for compensation heretofore paid, and $250 for medical attention, subject to the credit of $184, heretofore paid by defendant. If the injury was slight and the period of time of recovery was fixed with some degree of certainty, this court would be justified in fixing that period in which compensation should be paid. That, however, is not so in this case.

The judgment of the **lower court is correct,** and it is therefore **ordered, adjudged,** and decreed that it be affirmed, with costs.